```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
```

INNOVATIVE MEDICAL PRODUCTS, INC.,  )
                                    )
                Plaintiff,           )
                                    )
          v.                         )    1:06CV00346
                                    )
MICHAEL W. FELMET, individually,    )
and INSIGHT MEDICAL, INC.,          )
                                    )
                Defendants.          )

### RECOMMENDATION OF MAGISTRATE JUDGE ELIASON

### Statement of the Case and Facts

This action is before the Court on Plaintiff's motion to remand the case to Superior Court in Forsyth County, North Carolina. It was originally filed in that court, but was removed by Defendants on the ground that the case met the requirements for diversity jurisdiction.

The facts, as alleged in the complaint, are as follows. Plaintiff Innovative Medical Products, Inc. manufactures orthopedic positioning devices, including "Disposable Pads For Universal Lateral Positioner." From 1997 to 2005, Defendant Insight Medical, Inc. distributed Plaintiff's products. During this time, Insight and its owner, Defendant Michael Felmet, bought Plaintiff's products at a reduced price and then sold the products to their customers. Plaintiff alleges that, in the course of these transactions, "defendants became thoroughly familiar with plaintiff's products and packaging, including the labels on the packaging."

The complaint continues that after the relationship between the parties terminated in 2005, Defendants began selling a new but similar product to their customers. In fact, Plaintiff claims that this product is identical to its "Disposable Pads For Universal Lateral Positioner" in terms of the packaging, the label, and the pads themselves. Plaintiff further alleges that Defendants (1) copied their product without Plaintiff's knowledge or permission, (2) "were in a position to commit these acts only because of their prior business relationship with plaintiff," (3) have not paid any part of their proceeds to Plaintiff, and (4) have caused Plaintiff's business to suffer injury in terms of both money and reputation. The complaint characterizes all of these allegations as violations of the North Carolina Unfair and Deceptive Trade Practices Act ("UDTPA"), N.C.G.S. § 75-1.1. et seq.

On April 12, 2006, Defendants removed the case to this Court based on diversity of citizenship. Plaintiff filed a motion to remand on May 9, 2006, noting that, because Defendant Felmet is a North Carolina resident, the parties are not diverse as required by 28 U.S.C. § 1441(b).[1] While Defendants admit that their diversity assertion fails, they for the first time suggest an alternative

---

[1] 28 U.S.C. § 1441(b) provides that a civil action may be removed based on diversity of citizenship "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." Because the case at hand was originally brought in North Carolina state court, § 1441(b) prevents Defendant Felmet, as a citizen of North Carolina, from removing the case on diversity grounds. This provision of § 1441(b) is an additional condition restricting federal jurisdiction and not contained in 28 U.S.C. § 1332, which only requires that plaintiff's and defendant's be from different states.

-2-

basis for removal in their response. That is, they now argue (1) that Plaintiff's complaint raises federal questions, thereby making removal proper on that ground, and (2) that Defendants' notice of removal put Plaintiff on notice of this contention. The alleged federal questions concern patent, copyright, and trademark law, which are within the exclusive and/or original jurisdiction of the federal courts. Realizing the lateness of their assertion for this new ground for removal, they request that the Court liberally construe the removal petition to contain it.

### Discussion

In general, the basis for federal jurisdiction must exist on the face of Plaintiff's complaint. Merrell Dow Pharmaceuticals Inc. v. Thompson, 478 U.S. 804, 808 (1986). As the Fourth Circuit has stated, the party seeking removal has the burden of demonstrating the existence of federal jurisdiction. Mulcahey v. Colombia Organic Chemicals Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994)(citing Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97 (1921)). Removal jurisdiction must be strictly construed and, if it is doubtful, remand is appropriate. Id.(citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-109 (1941)); In re Business Men's Assur. Co. of America, 992 F.2d 181, 183 (8th Cir. 1993); Cheshire v. Coca-Cola Bottling Affiliated, Inc., 758 F. Supp. 1098, 1102 (D.S.C. 1990). Therefore, the Court must grant Plaintiff's motion unless Defendants meet their burden of demonstrating that federal jurisdiction is present.

-3-

The first issue is whether Defendants' notice of removal sufficiently raises the federal question ground. The notice nowhere mentions federal question as a ground for removal, only diversity jurisdiction. Defendants point to that part of the notice of removal which states that Plaintiff's claims relate to Defendants' "alleged unlawful copying of Plaintiff's non-patented disposable medical pads, packaging and label of said pads." This single phrase, Defendants contend, is enough to alert both the Plaintiff and the Court that removal was based, in part, on federal question jurisdiction. The Court cannot agree with this assertion.

Even a liberal notice pleading standard requires some level of specificity when stating the grounds for removal. <u>West Virginia ex rel. McGraw v. Minnesota Mining and Mfg. Co.</u>, 354 F. Supp. 2d 660, 668 (S.D.W. Va. 2005). "'[T]he notice must make the basis for the federal court's exercise of removal jurisdiction clear and contain enough information so that the district judge can determine whether removal jurisdiction exists.'" <u>Id.</u>(quoting 14C Charles A. Wright, Arthur R. Miller & Edward C. Cooper, <u>Federal Practice & Procedure</u> § 3733 (3d ed. 1998)). The sentence Defendants cite as giving notice fails to meet these criteria. Instead, it does no more than briefly restate Plaintiff's state law allegations while inserting the word "non-patented" as a modifier. The passing reference to patent law, without more, is insufficient to alert the Court that Defendants' removal notice was based on federal question jurisdiction. In addition, the statement in issue was clearly drafted by Defendants in reference to the amount in controversy

requirement for diversity jurisdiction rather than, as they now assert, in an inartful attempt to claim federal question jurisdiction. In light of these findings and the requirement that removal jurisdiction be strictly construed, Defendants' notice of removal cannot be viewed as putting the Court or Plaintiff on fair notice that Defendants' removal was based on federal question claims.

To the extent Defendants rely on their memorandum in opposition to Plaintiff's motion to remand as an attempt to amend their notice of removal to now set forth their federal question argument, the Court rejects the offer. This later filing is insufficient to raise a claim of federal question jurisdiction for two reasons. First, a memorandum is not a pleading. See Federal Deposit Ins. Corp. v. Stith, 772 F. Supp. 279, 284 n.15 (E.D. Va. 1991). Therefore, it cannot serve to amend Defendants' earlier notice of removal. Id. Second, a notice of removal may only be amended where jurisdiction is apparent on the face of the original filing. As the treatise writers point out:

> The notice of removal required by Section 1446(b) may be amended freely by the defendant prior to the expiration of the thirty-day period for seeking removal . . . . Thereafter, however, the cases indicate that the notice may be amended only to set out more specifically the grounds for removal that already have been stated, albeit imperfectly, in the original notice. . . . [T]he amendment of the removal notice may seek to accomplish one or more of several objectives: it may correct an imperfect statement of citizenship, or state the previously articulated grounds more fully, or correct the jurisdictional amount. Completely new grounds for removal jurisdiction may not be added and missing allegations may not be furnished, however.

-5-

Wright, et al., supra, at 357-361. Defendants attempt to amend the removal notice to raise a completely new ground for removal in their response brief well beyond the thirty-day period should be denied. Tincher v. Insurance Co. of State of Pennsylvania, 268 F. Supp. 2d 666 (E.D. Va. 2003)(attempt to add new allegations in response brief).

Even if Defendants had timely asserted federal question jurisdiction as a basis for removal, such jurisdiction does not exist in this case. Defendants claim that Plaintiff's complaint raises questions of patent and copyright law, over which the federal courts have exclusive jurisdiction, and trademark law, over which the federal courts have original jurisdiction. Defendants further allege that Plaintiff's state law claim of unfair and deceptive trade practices is preempted by the federal copyright and patent laws. As such, they contend that removal was proper. Specifically, Felmet and Insight claim that federal jurisdiction exists in this case under 28 U.S.C. § 1338. This statute, like 28 U.S.C. § 1331, creates jurisdiction where the action is one "arising under the Constitution, laws, or treaties of the United States." See Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 808 (1988).

Removal from state court to federal court is appropriate in three circumstances. First, if the parties meet the statutory requirement of diversity of citizenship jurisdiction as limited by 28 U.S.C. § 1441(b), the case may be removed. Lontz v. Tharp, 413 F.3d 435, 439 (4th Cir. 2005). Second, removal is appropriate if

-6-

the face of the complaint raises a federal question.  Id.  However, under the "well-pleaded complaint rule," merely having a federal defense to state law would be insufficient to support removal.  Id. Instead, the federal question must be an essential part of the plaintiff's cause of action.  An exception to the well-pleaded complaint rule is known as the complete preemption doctrine.  Id. In that instance, if the subject matter of the state law claim has been totally subsumed by federal law, then it is deemed completely preempted and federal removal jurisdiction exists.  Id.  In the instant case, Defendants rely on this third exception to base their claim that remand would not be proper.

A purported state law claim is considered federal in nature if Congress has "so completely pre-empt[ed] a particular area that any civil complaint raising this select group of claims is necessarily federal in character."  Metropolitan Life Insurance Company v. Taylor, 481 U.S. 58, 63-64 (1987).  Normally, as discussed above, a court looks only to the face of the complaint when considering whether Plaintiff's claims arise under the laws of the United States.  Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). In certain instances, however, a federal law may completely preempt state claims to the point that a complaint may raise a federal question even though it is written only in terms of state law. Metropolitan Life, 481 U.S. at 63.  If this occurs, the complaint is removable, despite lacking a federal question on its face.  Id.

Defendants first contend that Plaintiff's claim is preempted by federal copyright laws.  The Fourth Circuit has held that the

-7-

Copyright Act of 1976 ("the Act")(17 U.S.C. § 101, et seq.) is among the few federal statutes with enough preemptive force to totally preempt state law claims. 17 U.S.C. § 301(a)(2006); Rosciszewski v. Arete Assoc., Inc., 1 F.3d 225 (4th Cir. 1993). Generally, state law claims are preempted by the Act if two requirements are met. First, the work must fall "within the subject matter of copyright as specified by sections 102 and 103" of the Act. 17 U.S.C. § 301(a). Second, preemption requires that "the rights granted under state law are equivalent to any exclusive rights granted by copyright law." Rosciszewski, 1 F.3d at 229.

The work in question need not actually be copyrighted to come within the subject matter of the Act. See Wrench LLC v. Taco Bell Corp., 256 F.3d 446, 455 (6th Cir. 2001). In some cases, the subject matter of copyright may even include uncopyrightable materials underlying copyrightable works.

The exclusive rights granted under section 106 of the Act are the abilities to "(1) reproduce the copyrighted work; (2) prepare derivative works; (3) distribute copies of the work by sale or otherwise; and, with respect to certain artistic works, (4) perform the work publicly; and (5) display the work publicly." Computer Assocs. Int'l v. Altai, Inc., 982 F.2d 693, 716 (2d Cir. 1992); 17 U.S.C. § 106. For a state cause of action to survive preemption, it must contain an "extra element" in addition to or instead of these exclusive rights. Old South Home Co. v. Keystone Realty Group, Inc. 233 F. Supp. 2d 734, 736 (M.D.N.C. 2002). "[T]he 'extra element' must also change the 'nature of the action so that

-8-

it is *qualitatively* different from a copyright infringement claim.'" Id.(quoting Rosciszewski, 1 F.3d at 230).

In the present case, the issue is whether the elements of an unfair trade practices claim under the UDTPA contain "extra elements" which make the Plaintiff's claim qualitatively different from a claim under the Copyright Act. The elements of an unfair trade practices claim are that (1) the defendants committed an unfair or deceptive act or practice; (2) in or affecting commerce; and (3) that the plaintiff was injured thereby. Dalton v. Camp, 353 N.C. 647, 656, 548 S.E.2d 704, 711 (2001). Prior case law in this district notes that on the surface these appear to be "extra elements in that they must be proved to establish an unfair trade practices claim under the NCUTPA." Old South Home Co., 233 F. Supp. 2d at 737. In the same case, however, the court held that the additional elements "do not *per se* make the unfair trade practices claim *qualitatively different* from a copyright infringement claim." Id.(emphasis added). This is because the gravamen of the claim remains the alleged unfair copying or distribution of copies. "Examples of extra elements in unfair competition claims that [do serve to] avoid preemption include: breach of fiduciary duty, breach of a confidential relationship, and palming off the defendant's products as those of the plaintiff's [sic]." Id.(quoting Kindergartners Count, Inc. v. Demoulin, 171 F. Supp. 2d 1183, 1191 (D. Kan. 2001). Thus, Plaintiff must allege more than just unfair trade practice by copying or reproducing in order to avoid preemption. Id. To meet

-9-

this requirement, a complaint must present some claim of misrepresentation, deception, confidential relationship, or palming off. Id. at 737-738.

In the instant case, the complaint alleges more than the mere act of copying; it asserts misrepresentations made by Defendants equivalent to palming or passing off their products as those of Plaintiff. First, Plaintiff claims that the product manufactured, packaged, and labeled by Defendants is "*in all respects identical* to the pads, packaging, and label of plaintiff's product." (Compl. ¶ 11) (emphasis added). The indistinguishable nature of the parties' products also extends to their joint name, "Disposable Pads For Universal Lateral Positioner." Id. These facts serve to allege and infer customer confusion. However, mere customer confusion alone may not be sufficient unless coupled with some level of misrepresentation. See Old South Home Co., 233 F. Supp. 2d at 737. In the instant case, this is supplied by allegations about the prior relationship between the parties.

The complaint clearly states that "Defendants acted as distributors of plaintiff's products," including "Disposable Pads For Universal Lateral Positioner," for approximately eight years. (Compl. ¶ 6, 11.) This means that "Defendants (who were then owners of the products) sold the products to their customers and kept the sales proceeds" during that time. Id. When Defendants began manufacturing and selling an *identical* product in 2005, their sales procedure remained the same. (Compl. ¶ 11.) The complaint infers that this procedure gave customers the mistaken impression

that the product they purchased, including the manufacturer of that product, also remained unchanged. In short, Plaintiff claims that Defendants directly and deliberately capitalized on the goodwill associated with Plaintiff's product without first obtaining permission to do so. More importantly, Plaintiff contends that Defendants accomplished their effort by deceiving customers into mistakenly purchasing Defendant's substitute product. If true, this act goes beyond "that confusion which arises from the mere act of copying, and nothing else," <u>Patsy Aiken Designs, Inc. v. Baby Togs, Inc.</u>, 701 F. Supp. 108, 112 (E.D.N.C. 1988); it is an affirmative act of passing off one's goods as those of a competitor. As such, Plaintiff's claim includes an extra element sufficient to prevent preemption by the Copyright Act.

Next, Defendants argue that federal patent law preempts Plaintiff's UDTPA claim. While patent law does preempt unfair competition laws in many instances, <u>see</u> <u>Croydon Co., Inc. v. Unique Furnishings, Ltd.</u>, 831 F. Supp. 480, 488-489 (E.D.N.C. 1993), this is not such an instance. Federal patent law, like the Copyright Act, does not preempt the tort of palming off another's products as one's own. <u>Patsy Aiken Designs</u>, 701 F. Supp. at 111. Because, as discussed above, Plaintiff's complaint alleges that palming off occurred in the present case, Defendants' patent law argument fails.

In addition to their copyright and patent arguments, Defendants assert that Plaintiff's claim is preempted by the federal trademark law. However, Plaintiff makes no claim of

-11-

trademark violation, and Defendants offer no evidence that a trademark or a trademark equivalent exists in this case. The Court has little choice but to reject Defendants' trademark contention in the absence of any support.

Having found that remand is appropriate in the present case, the Court must now determine whether Defendants should be required to pay Plaintiff's costs and expenses related to the removal. The Supreme Court has held that the standard for awarding fees under 28 U.S.C. § 1447(c) "should turn on the reasonableness of the removal." Martin v. Franklin Capital Corp., __ U.S. __, 126 S. Ct. 704, 711 (2005). If the removing party has any "objectively reasonable basis" for seeking removal, it should not be required to pay the opposing party's fees upon remand. Id. This general rule is based on "the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter." Id.

The issue of attorney's fees is a close one. The original notice of removal cited diversity of citizenship. Had the case originally been brought in this Court, the fact that Plaintiff and Defendants are citizens of different states would be sufficient to support this Court's jurisdiction under 28 U.S.C. § 1332. However, when such a case is sought to be removed from state court to federal court, it may not be done if one of the defendants is a citizen of the state in which the federal court sits. 28 U.S.C. § 1441(b). Defendant Felmet is such a disqualifying person. Thus,

the removal likely was the result of an oversight of this caveat. Nevertheless, as stated by this Court in <u>McPhatter v. Sweitzer</u>, 401 F. Supp. 2d 468, 479 (M.D.N.C. 2005): "An award under § 1447(c) is remedial, not punitive, and is designed to compensate the plaintiff when, in the court's discretion, justice so requires." In that decision, the court noted that reimbursement is appropriate for situations such as an untimely removal or one based on erroneous legal arguments, along with repetitive removals or a removal which greatly increases the cost and complexity of the case.

In the instant case, the removal was not untimely, but the attempt to change the grounds of removal clearly was. Defendants' argument for preemption, while not winning the day, was not clearly unreasonable because Plaintiff's complaint was not the model of clarity in setting out an extra basis under state law in order to distinguish it from a federal copyright case. Going back to Plaintiff's side of the line, the motion for removal has complicated this case by adding extra expense. Plaintiff seeks $2,145.00 in attorney's fees which are not unreasonable. Considering the factors mentioned above, including the fact that it would appear that Defendants not only have not proceeded in bad faith, but in good faith, although erroneously, the Court may award fees in its discretion. <u>Id.</u> Using that discretion, it is determined that, under all the circumstances of this case, that a fee of $1,000.00 would be an appropriate compromise.

-13-

Case 1:06-cv-00346-WLO-RAE   Document 15   Filed 10/17/06   Page 13 of 14

**IT IS THEREFORE RECOMMENDED** that Plaintiff's motion for remand (docket no. 7) be granted, along with an award of attorney's fees of $1,000.00 to be paid by Defendants to Plaintiff.

_____
**United States Magistrate Judge**

October 17, 2006